Date signed August 10, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Muhsen A Haddad, | * | Case No. | 05-17608PM |
| | * | Chapter | 7 |
| | * | | |
| Debtor(s) | * | | |
| ************************************** | * | | |
| Marilou Haddad, | * | Adv. Proc. No. | 05-01351PM |
| | * | | |
| | * | | |
| Plaintiff(s), | * | | |
| vs. | * | | |
| Muhsen A Haddad, | * | | |
| | * | | |
| | * | | |
| Defendant(s) | * | | |

### MEMORANDUM OF DECISION

    Before the court is the motion for judgment by default filed by the plaintiff, Marilou Haddad. While the clerk has entered a default as to the defendant, the court will deny the motion for default judgment without prejudice to the filing of an amended complaint within 28 days.

    The pertinent parts of the complaint, paragraphs 5 through 9, relate that on October 23, 1998, the parties were divorced by an order of the Circuit Court for Cook County, Illinois. Subsequent to the entry of the judgment of divorce, the plaintiff was granted a monetary award

of $391,000.00 for her interest in the marital property. The judgment was subsequently enrolled in the Circuit Court for Montgomery County, Maryland, on November 10, 2003. The plaintiff requests a judgment pursuant to 11 U.S.C. § 523(a)(15) for judgment in the sum of $391,000.00, plus Illinois statutory interest of 9% per annum from the date of judgment, January 16, 2003.

While this pleading would be sufficient under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, that becomes effective as to cases filed on or after October 17, 2005, it does not plead a cause of action as the law exists today. Section 523(a)(15) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
>> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless–
>>
>>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>>
>>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

The plaintiff failed to plead that the debt owed meets the requirements for exception to discharge.

As pointed out in the case of <u>Ryan v. Homecomings Financial Network</u>, 253 F.3d 778, 780-81 (CA4 2001), the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact but such admission does not amount to an absolute confession by the defendant of his liability and of the plaintiff's right to recover. What has been pleaded simply does not support the relief sought in this action. <u>See also</u> <u>In re Carroll</u>, 237 B.R. 872, 873 (BC Md. 1999); <u>In re Goycochea</u>, 192 B.R. 847, 848 (BC Md. 1996). As pointed out in the <u>Carroll</u> case, a default judgment requires an underlying complaint that supports the claim for relief. There must be a sufficient basis in the pleadings for the judgment entered.

An appropriate order will be entered.

cc: Marilou Haddad
2305 18th St., NW, #204
Washington, DC 20009

Norman B. King
King and King
8905 Fairview Rd., Ste. 501
Silver Spring, MD 20910

Muhsen A Haddad
2305 18th St., NW, #204
Washington, DC 20009

**END OF MEMORANDUM DECISION**